08 CV 5902

JUDGE ROBINSON

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730
E-mail: pierre.armand@usdoj.gov



RECEIVED
JUN 30 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

          Plaintiff,

          v.

THE TOWN OF NEWBURGH, NEW YORK,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. _____

COMPLAINT

      The United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, by the authority of the United States Attorney General and on behalf of the United States Environmental Protection Agency ("EPA"), for its complaint against defendant the Town of Newburgh, New York, alleges as follows:

### NATURE OF THE ACTION

    1.    This is a civil action pursuant to section 1414(b) of the Safe Drinking Water Act (the "SDWA"), 42 U.S.C. § 300g-3(b), against the Town of Newburgh (the "Town" or "Defendant") for continuing violations of the SDWA and the National Primary Drinking Water Regulations promulgated by EPA pursuant to Section 1412 of the SDWA, U.S.C. § 300g-1.

2. Defendant is an owner and operator of the Newburgh Consolidated Water District, a public water system that provides drinking water to approximately 22,800 customers. Defendant obtains the drinking water it supplies to its customers from a surface water source, namely the Delaware Aqueduct.

3. Since at least 2005, Defendant has repeatedly violated the SDWA and NPDWA, including the Surface Water Treatment Rule ("SWTR"), 40 C.F.R. §§ 141.70-141.76, the Stage 1 Disinfectants and Disinfection Byproducts Rule ("Stage 1 DBPR"), 40 C.F.R. §§141.130-141.135, and the Public Notification of Drinking Water Violations Rule, 40 C.F.R. §§ 141.201-141.211.

4. Specifically, on numerous occasions since at least 2005, Defendant, inter alia: (i) supplied drinking water to customers that violated the maximum contaminant level ("MCL") for haloacetic acids ("HAA5"); (ii) failed to install filtration treatment for the drinking water supplied to customers from the Delaware Aqueduct within 18 months of the first HAA5 MCL violation; (iii) failed to provide the requisite notices to the public of the MCL violations; and (iv) failed to timely report monitoring data for the drinking water it supplied to customers. Defendant's conduct also violated an Administrative Order issued by EPA against Defendant on December 11, 2002.

5. Pursuant to 42 U.S.C. § 300g-1(b)(7)(C), because the drinking water it supplied to its customers from the Delaware Aqueduct exceeded the MCL for HAA5 as of March 31, 2005, Defendant was required to install a filtration system for that drinking water within 18 months, or by October 1, 2006. Furthermore, pursuant to 42 U.S.C. § 300g-3(b), Defendant is liable for civil penalties not to exceed $32,500 for each day in which Defendant has been in violation of the SDWA and SWTR.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1395 as Defendant resides and is found in this district.

## THE PARTIES

8. Plaintiff is the United States of America on behalf of EPA.

9. Defendant is the Town of Newburgh, a political subdivision of the State of New York, duly formed under the laws of the State of New York. Defendant is a "municipality" and a "person" within the meaning of the Section 1401 of the SDWA, 42 U.S.C. § 300f.

## THE SAFE DRINKING WATER ACT AND NATIONAL PRIMARY DRINKING WATER REGULATIONS

10. Section 1401(4) of the SDWA, 42 U.S.C. § 300f(4), and 40 C.F.R. § 141.2, define "public water system" as a "system for the provision to the public of water for human consumption through pipes or other constructed conveyances, if such system has at least fifteen service connections or regularly serves at least twenty-five individuals.

11. A "supplier of water" is defined at Section 1401(5) of the SDWA, 42 U.S.C. § 300f(5), and 40 C.F.R. § 141.2, as "any person who owns or operates a public water system."

12. Under Section 1411 of the SDWA, 42 U.S.C. § 300g, the owner or operator of a public water system must comply with National Primary Drinking Water Regulations promulgated under Part B of the SDWA, 42 U.S.C. §§ 300g-300g-6, except to the extent that an exception, variance or exemption under Section 1411, 1415, or 1416, 42 U.S.C. §§ 300g, 300g-4, or 300g-5, is applicable.

13. Section 1412(b)(7)(C) of the SDWA, 42 U.S.C § 300g-1(b)(7)(C), directs EPA to promulgate regulations specifying criteria under which filtration is required as a treatment technique for public water systems supplied by surface water sources.

14. On June 29, 1989, EPA promulgated the Surface Water Treatment Rule ("SWTR"), 40 C.F.R. Part 141, Subpart H. See 54 Fed. Reg. 27486 (June 29, 1989). One of the purposes of the SWTR, which became effective on December 31, 1990, is to reduce the risk of waterborne disease outbreaks in public water systems that utilize surface water sources. Specifically, the filtration requirements of the SWTR were intended to protect against the potential adverse health effects of exposure to, inter alia, viruses, bacteria and other organisms.

15. The SWTR requires public water systems using surface water as a drinking water source to provide filtration treatment where: (i) the agency that has primary enforcement responsibility for the SWTR under Section 1413 of the SDWA, 42 U.S.C. § 300g-2, determines in writing that filtration is required; and/or (ii) the public water system has failed to meet one or more of the filtration avoidance criteria set forth in 40 C.F.R. § 141.71. See 40 C.F.R. §§ 141.70, 141.71 and 141.73.

16. Section 1412(b)(2)(C) of the SDWA, 42 U.S.C. § 300g-1(b)(2)(C), further directs EPA to promulgate a Stage 1 Disinfectants and Disinfection Byproducts Rule ("Stage 1 DBPR"). On December 16, 1998, EPA promulgated the Stage 1 DBPR, 40 C.F.R. Part 141, Subpart L. See 63 Fed. Reg. 69390 (December 16, 1998).

17. One of the purposes of the Stage 1 DBPR, which became effective on February 16, 1999, is to protect public health from exposure to potentially harmful disinfection byproducts. The Stage 1 DBPR established criteria under which community water systems that add chemical disinfectant to the water in any part of the drinking water treatment process must

modify their practices to meet MCLs for disinfection byproducts, see 40 C.F.R. § 141.64, maximum residual disinfectant levels, see 40 C.F.R. § 141.65, and, if conventional filtration treatment is used, treatment technique requirements for the control of disinfection byproduct precursors, see 40 C.F.R. § 141.135.

18. Among the filtration avoidance criteria contained in 40 C.F.R. § 141.71 is the requirement that the public water system comply with the requirements for disinfection byproducts in the Stage 1 DBPR. Specifically, the Stage 1 DBPR requires water systems to comply with MCL, monitoring, and reporting requirements for haloacetic acids ("HAA5") and total trihalomethanes ("TTHM"). See 40 C.F.R. §§ 141.64, 141.132, 141.133 and 141.134. Failure to comply with the MCL for TTHM or HAA5 triggers the requirement to install filtration, and requires public notification as described in 40 C.F.R. §§ 141.201-211.

19. A public water system that uses surface water source(s) that failed or fails to meet one or more of the filtration avoidance criteria set forth in 40 C.F.R. § 141.71 is required to have installed filtration for such source(s) by June 29, 1993, or within 18 months of the initial failure to meet any one of the filtration avoidance criteria, whichever is later. See 40 C.F.R. §§ 141.71 and 141.73. A public water system's failure to provide filtration treatment after the date installation of filtration is required was and is a continuing violation of a treatment technique requirement under the SWTR. See 40 C.F.R. § 141.71(c).

20. Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b), authorizes the Administrator of the EPA to commence a civil action for injunctive relief and civil penalties for violations of any applicable requirement under the SDWA, if authorized under Section 1414(a)(2) of the SDWA, 42 U.S.C. § 300g-3(a)(2), or in other specified circumstances.

21. Section 1414(a)(2)(A) of the SDWA, 42 U.S.C. § 300g-3(a)(2)(A), authorizes the Administrator to bring such an action if the Administrator finds, with respect to a period in which a State does not have primary enforcement responsibility for the public water system, that the public water system does not comply with an applicable requirement under the SDWA. The term "applicable requirement" includes the National Primary Drinking Water Regulations, such as the SWTR and Stage 1 DBPR, and the requirements of applicable State programs approved pursuant to Section 1413 of the SDWA, 42 U.S.C. § 300g-2. See 42 U.S.C. § 300g-3(i).

22. Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b), authorizes the United States to seek civil penalties of up to $25,000 for each day of each violation. Pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134 (1996), and EPA's Civil Monetary Penalty Inflation Adjustment Rule, 69 Fed. Reg. 7121 (February 13, 2004), the maximum civil penalty for a violation of the SDWA that takes place after March 15, 2004 is $32,500.

## DEFENDANT'S VIOLATIONS OF THE SAFE DRINKING WATER ACT AND NATIONAL PRIMARY DRINKING WATER REGULATIONS

23. Defendant owns and operates the Newburgh Consolidated Water District, a "public water system" within the meaning of the SDWA and the regulations. Defendant's public water system obtains water primarily from New York City's Delaware Aqueduct and distributes unfiltered water to approximately 22,800 customers through at least 15 service connections including residential, commercial, and other facilities in the Town of Newburgh.

24. The Delaware Aqueduct is made up of surface water sources in the Catskill/Delaware watersheds including several reservoirs and the tributaries thereto. Defendant has a secondary surface water source, Chadwick Lake, which is filtered and used when the Delaware Aqueduct water fails to meet certain water quality conditions.

25. As the owner and operator of a public water system, Defendant must comply with all national primary drinking water regulations promulgated under Part B of the SDWA, 42 U.S.C. §§ 300g-300g-6. None of the exceptions in Section 1411, U.S.C. § 300g, are applicable. Defendant does not have a variance or exemption from the SWTR or Stage 1 DBPR pursuant to Sections 1415 or 1416 of the SDWA, 42 U.S.C. §§ 300g-4 or 300g-5, for any part of its water system.

26. On or about August 12, 1998, based on Defendant's demonstrating that its public water system met criteria for avoiding filtration for the water Defendant purchases from the Delaware Aqueduct, the New York State Department of Health ("NYSDOH") issued a filtration avoidance determination to Defendant for this source water. In order for Defendant to avoid filtration for this source water, Defendant is required to comply with the filtration avoidance criteria of the SWTR, as well as additional conditions set forth by NYSDOH.

27. Although NYSDOH administers the Public Water Supply Supervision Program in New York pursuant to Section 1413 of the SDWA, 42 U.S.C. § 300(g)(2), EPA has primary responsibility for enforcement of the Stage 1 DBPR.

28. On or about September 4, 2002, EPA reviewed data concerning the Newburgh Consolidated Water District held by the Orange County Department of Health ("OCDOH"), which receives monitoring data from public water systems in Orange County, New York. EPA's review found that the Town had failed to comply with the HAA5 monitoring requirements of the Stage 1 DBRP, and had also failed to submit a monitoring plan pursuant to 40 C.F.R. § 141.132(f).

29. Accordingly, on December 11, 2002, EPA issued an Administrative Order (Docket No. SDWA-02-2003-8020) to address the violations identified during the September

2002 data review. The Administrative Order required Defendant to comply with all provisions of the Stage 1 DBPR, including the HAA5 monitoring, compliance and reporting requirements (40 C.F.R. §§141.132(b)(1), 141.133(b)(1), 141.134(b)).

30. On or about January 8, 2003, and on or about February 28, 2003, Defendant provided responses to the Administrative Order, which EPA initially determined satisfied the requirements of the Administrative Order.

31. However, in October 2005, EPA performed a second data review at OCDOH and determined that Defendant had failed to comply with the continuing obligations of the Administrative Order. Specifically, EPA's second data review found the following violations:

   a. Defendant had failed to report total TTHM monitoring data for the fourth quarter of 2002 to OCDOH in violation of §141.134(b);

   b. Defendant had failed to report TTHM and HAA5 monitoring data for the third quarter of 2004 to OCDOH in violation of §141.134(b);

   c. Defendant had failed to report TTHM and HAA5 monitoring data, and disinfection byproduct precursor monitoring data (for the Chadwick Lake Filter Plant only) for the fourth quarter of 2004 to OCDOH, in violation of 40 C.F.R. §141.134(b) and (d); and

   d. Defendant had failed to monitor for total TTHM and HAA5 for the first and second quarters of 2005, in violation of 40 C.F.R. §141.132(b)(1).

32. OCDOH issued the following notices of violation ("NOV") to Defendant:

   a. On February 7, 2003, OCDOH issued an NOV to Defendant for the failure to submit test results for TTHM for the period October 1, 2002 to December 31, 2002 (fourth quarter 2002);

b. On January 21, 2005, OCDOH issued an NOV to Defendant for the failure to submit test results for TTHM and HAA5 for the period July 1, 2004 to September 30, 2004 (third quarter 2004);

c. On February 16, 2005, OCDOH issued an NOV to Defendant for the failure to submit test results for TTHM and HAA5, and for total organic carbon (for the Chadwick Lake Filter Plant only) for the period October 1, 2004 to December 31, 2004 (fourth quarter 2004); and

d. On June 30, 2005, OCDOH issued an NOV to Defendant for the failure to submit test results for TTHM and HAA5 for the period January 1, 2005 to March 31, 2005 (first quarter 2005).

33. On November 23, 2005, EPA issued an Administrative Complaint (Docket No. SDWA-02-2006-8402) to Defendant alleging failure to comply with the requirements of the Stage 1 DBPR and the Administrative Order. The Administrative Complaint proposed to assess a civil penalty of $32,500.

34. By letter dated December 21, 2005, Defendant submitted to EPA the monitoring results that Defendant had failed to provide as alleged in the Administrative Complaint. EPA reviewed the results and determined that Defendant violated the MCL for HAA5 for the first and second quarters of 2005.

35. On December 23, 2005, Defendant submitted to OCDOH the monitoring results for the period ending September 30, 2005, and the period ending December 31, 2005. The monitoring results for these additional periods indicated that Defendant had exceeded the MCL for HAA5 for the respective compliance periods. Thus, Defendant had exceeded the MCL for HAA5 during all four quarters of 2005.

36. Pursuant to 40 C.F.R. § 141.71(c), an exceedance of the MCL for HAA5 constitutes a violation of the SDWA and SWTR triggering the requirement that a public water system install filtration. Filtration must be installed within 18 months of the violation. See 42 U.S.C. 300g-1(b)(7)(C); 40 C.F.R. §§ 141.71, 141.73. Thus, Defendant was required to install filtration for the drinking water obtained from the Delaware Aqueduct by October 1, 2006. Defendant has yet to install the required filtration system.

37. Defendant also failed to notify the public of these violations, as required by 40 C.F.R. §141.203. A notice of each violation should have been provided to the public within 30 days of the MCL exceedance.

38. On February 16, 2006, EPA withdrew the Administrative Complaint and subsequently referred the matter to the Department of Justice.

39. The Town has continued to violate the MCL for HAA5. EPA's review of monitoring data provided by the Town during 2006 and 2007 has revealed that the Town's public water system exceeded the MCL for HAA5 during the first, third and fourth quarters of 2006, and the first and second quarters of 2007.

## CLAIM FOR RELIEF
### (Violations of the Safe Drinking Water Act)

40. The United States incorporates by reference paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant's public water system received a filtration avoidance determination for the Delaware Aqueduct water source on August 12, 1998.

42. Since 2005, Defendant has repeatedly violated the SDWA and SWTR. Specifically, Defendant's drinking water exceeded the MCL for HAA5 during all four quarters of 2005, the first, third and fourth quarters of 2006, and the first and second quarters of 2007.

Each exceedance of the MCL for HAA5 constitutes a violation of the SDWA and SWTR. See 42 U.S.C. 300g-1(b)(7)(C); 40 C.F.R. §§ 141.71, 141.73. Defendant further failed to provide the requisite notices of violation to the public. Defendant also repeatedly failed to timely report monitoring data for its drinking water during 2005 and 2006.

43. Defendant's conduct violated an Administrative Order issued by EPA against Defendant on December 11, 2002, which required Defendant to comply with all provisions of the Stage 1 DBPR, including the HAA5 monitoring, compliance and reporting requirements.

44. Because it exceeded the MCL for HAA5, Defendant cannot utilize the filtration avoidance criteria set forth at 40 C.F.R. § 141.71. Accordingly, Defendant was required to install a filtration system to treat the drinking water it obtains from the Delaware Aqueduct by October 1, 2006 -- i.e., within 18 months of the first HAA5 MCL exceedance. Defendant will continue to be in violation of the SWTR, the SDWA and the Administrative Order until it installs the requisite filtration system. Protection of the public health requires that Defendant be enjoined to comply with the requirement that it install a filtration system for the water obtained from the Delaware Aqueduct.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America, respectfully requests that this Court:

A. Enjoin Defendant from violating the Safe Drinking Water Act and Surface Water Treatment Rule, including but not limited to the filtration, disinfection, monitoring and reporting requirements thereof;

B. Order Defendant to site, design, construct, and operate a filtration plant on an expeditious schedule for the water it obtains from the Delaware Aqueduct and to comply with the filtration and disinfection requirements set forth in 40 C.F.R. §§ 141.72, 141.73, 141.170,

141.173, and 141.174, as well as the monitoring and reporting requirements set forth in 40 C.F.R. §§ 141.74, 141.75, and 141.175;

C. Order Defendant to implement such further interim and long term measures as may be required to protect the public health;

D. Order Defendant to pay a civil penalty not to exceed $32,500 for each day in which Defendant has been in violation of the Safe Drinking Water Act and Surface Water Treatment Rule, pursuant to 42 U.S.C. § 300g-3(b);

E. Award the United States its costs in this action; and

F. Grant such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
       June 30, 2008

THE UNITED STATES OF AMERICA

By: _____
RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
          Division
United States Department of Justice


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____
PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730